UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SWIMWAYS CORPORATION<br><br>     Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>     Defendant. | Court. No. 13-00397 |

## COMPLAINT

Plaintiff, Swimways Corporation ("Swimways"), by its undersigned counsel, hereby alleges as follows:

### CAUSE OF ACTION

1. This action is commenced to challenge the classification, under the Harmonized Tariff Schedule of the United States ("HTSUS"), of certain inflatable swimming pool floats and lounges imported by Swimways.

### JURISDICTION

2. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. § 158l(a). Swimways timely protested the classification of certain inflatable swimming pool floats and lounges, and United States Customs and Border Protection ("CBP"), after further review, denied those protests. This action was timely commenced pursuant to 28 U.S.C. § 2636(a) by the filing of a Summons on December 11, 2013, within 180 days from the date of denial of Swimways' protests.

3. All liquidated duties in connection with the entries identified in the protests, which are incorporated herein by reference, have been paid.

Court No. 13-00397

## STANDING

4.  Swimways is the producer and importer of record of each of the entries which are the subject of this action and is the real party in interest. Swimways is located at 5816 Ward Court, Virginia Beach, Virginia.

## STATEMENT OF FACTS

5.  This action contests the classification by CBP of certain inflatable pool floats manufactured in, and imported from, the People's Republic of China by Swimways at the Port of Los Angeles/Long Beach, California.

6.  The inflatable pool floats and lounges consist of various models of Spring Floats® and Baby Spring Floats®. The Spring Floats® consist of a circular or roughly oval shaped inflatable plastic (polyvinyl chloride) bladder, covered by manmade textile fabric. The textile fabric also may be stretched across the opening in the circular or oval float. The plastic bladder is encircled by a spring steel wire rod that allows the float, when deflated, to be folded neatly, and to "spring" into position when unfolded.

7.  The Baby Spring Floats® have two inflatable rings, one inside the other, so that the infant will be supported by the inner ring in an upright position. The Baby Spring Floats® do not allow the infant to recline, but rather, encourage physical activity and allow the infant to become accustomed to the water.

8.  Spring Floats® and Baby Spring Floats® were classified by CBP under tariff heading 6307.90.9889, HTSUS, as "[o]ther made up articles, including dress patterns: Other: Other: Other." Swimways timely protested this classification pursuant to 19 U.S.C. § 1514(c)(3), seeking a further review pursuant to 19 C.F.R. § 174.23. Swimways submitted

physical samples, as well as points and authorities, establishing that Spring Floats® should be classified under tariff heading 3926.90.7500, HTSUS, as "Pneumatic mattresses and other inflatable articles ... " and that Baby Spring Floats® should be classified under tariff heading 9506.29.0080, HTSUS, as "... other watersport equipment... Other: Other." Alternatively, Swimways established that Baby Spring Floats®, just like Spring Floats®, should be classified under subheading 3926.90.7500, HTSUS.

9. On June 17, 2013, pursuant to Headquarters Ruling HQ 145739, CBP denied Swimways' protests and classified Spring Floats® and Baby Spring Floats® under tariff heading 6307.90.9889, HTSUS. CBP reasoned that Spring Floats® and Baby Spring Floats® are composite goods, consisting of plastics and textiles, of equal importance in determining the essential character of the merchandise. The crux of CBP's ruling is its finding that the plastic and textile components are equally significant in establishing the essential character of the floats and that "[w]ithout the textile component, the merchandise would not be a float." CBP relied upon General Rule of Interpretation ("GRI") 3, and concluded that the Spring Floats® and Baby Spring Floats® should be classified under the heading that "occurs last in numerical order among those which equally merit consideration."

10. CBP liquidated Spring Floats® and Baby Spring Floats® under tariff heading 6307.90.9889, HTSUS, as "[o]ther made up articles, including dress patterns: Other: Other: Other" at a rate of 7% *ad valorem*.

11. On June 3, 2013, Swimways initiated an action in this Court challenging CBP's denial of other protests involving the same merchandise, also based upon Headquarters Ruling HQ 145739. *See Swimways Corporation v. United States*, U.S. Court of International Trade No.

13-00216.  On June 23, 2018, this Court issued Slip Op. 19-91 in which it granted in part Swimways' motion for summary judgment and held that the Spring Floats® and Baby Spring Floats® are classified in subheading 3926.90.75, HTSUS ("Other articles of plastics and articles of other materials of headings 3901 to 3914: Other: Pneumatic mattresses and other inflatable articles, not elsewhere specified or included"), subject to duty at 4.2% *ad valorum*.

## COUNT 1

12. Paragraphs 1 through 11 are incorporated by reference as though fully set forth herein.

13. *First*, the plastic bladder of the Spring Floats® and Baby Spring Floats®, when inflated, will float in a pool regardless of whether it is covered with textile fabric.

14. *Second*, the plastic bladder will inflate and function as a pool float without the textile covering.

15. *Third*, it is not disputed that the plastic components account for a greater portion of the finished Spring Floats® and Baby Spring Floats® by volume and value.

16. Under GRI 3(b), merchandise made of different materials "shall be classified as if they consisted of the material or component which gives them their essential character." The inflatable plastic bladder imparts the essential character of the Spring Floats® and Baby Spring Floats® within the meaning of GRI 3(b).

17. "Comfort" and "colorful appearance" imparted by the textile covering are not essential characteristics of "inflatable articles" classified under tariff heading 3926.90.7500, HTSUS.  Insofar as CBP found these attributes to be essential characteristics of the merchandise, it misapplied GRI 3(b) and incorrectly proceeded to GRI 3(c).  As such, its protest denial was

4.

Court No. 13-00397

contrary to law.

18. Because the plastic bladder provides the essential character for purposes of subheading 3926.90.7500, *i.e.*, it is "inflatable," the Spring Floats® and Baby Spring Floats® are properly classified under tariff heading 3926.90.7500, HTSUS.

## PRAYER FOR RELIEF

WHEREFORE, Swimways respectfully prays that this Court enter judgment in its favor sustaining its protests and (i) holding that Spring Floats® and Baby Spring Floats® are properly characterized under heading 3926.90.7500, HTSUS. Swimways further requests that this Court (ii) direct the Port of Los Angeles/Long Beach, California, to reliquidate the entries covered by this action and to refund to Swimways excess duties, together with interest as provided by law. Finally, Swimways requests that this Court (iii) grant Swimways any other relief as it may deem just.

Respectfully Submitted,

/s/ James R. Cannon, Jr.

James R. Cannon
Jonathan M. Zielinski

CASSIDY LEVY KENT (USA) LLP
900 19th Street, NW
Suite 400
Washington, DC 20006
Telephone: (202) 567-2318
jcannon@cassidylevy.com

Date: October 22, 2021